THE HONORABLE KYMBERLY K. EVANSON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

THE UPPER DECK COMPANY, a Nevada corporation,

    Plaintiff,

v.

RYAN MILLER, an individual; and RAVENSBURGER NORTH AMERICA, INC., a Washington corporation,

    Defendants.

NO. 2:23-cv-01936-KKE

**STIPULATED PROTECTIVE ORDER**

1. <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2. <u>"CONFIDENTIAL" AND "ATTORNEY'S EYES ONLY" MATERIAL</u>

"**CONFIDENTIAL**" material means information, documents, or things the designating party believes in good faith is not generally known to others, and which the designating party (i) would not normally reveal to third parties except in confidence or has undertaken with others to

maintain in confidence, or (ii) believes in good faith is protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy. Information and other material may be designated as "**CONFIDENTIAL**" for purposes of this Protective Order if the producing party in good faith considers it to constitute or to contain trade secrets or other confidential research, development, or commercial information. "**CONFIDENTIAL**" material shall include all information, documents, and things referring or relating to the foregoing, including but not limited to copies, summaries, and abstracts of the foregoing.

"**ATTORNEY'S EYES ONLY**" material means information, documents, and things the designating party believes in good faith is not generally known to others and has significant competitive value such that unrestricted disclosure to others would create a substantial risk of serious injury to the designating party, and which the designating party (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, or (ii) believes in good faith is significantly sensitive and protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy. The designation is reserved for information that constitutes proprietary financial, technical, or commercially sensitive competitive information that the designating party maintains as highly confidential in its business, including:

- Information obtained from a non-party pursuant to a current Nondisclosure Agreement;
- Product development documents including prototypes, drafts, mockups, playtest materials, and other nonpublic design documents;
- Strategic plans;
- Nonpublic financial data;
- Customer lists;
- Documents that would reveal trade secrets;
- Licensing documents and licensing communications; and

- Settlement agreements or settlement communications;

the disclosure of which is likely to cause harm to the competitive position of the designating party. "**ATTORNEY'S EYES ONLY**" material shall include all information, documents, and things referring or relating to the foregoing, including but not limited to copies, summaries, and abstracts of the foregoing.

3. SCOPE

The protections conferred by this agreement cover not only "**CONFIDENTIAL**" and "**ATTORNEY'S EYES ONLY**" material (collectively, "**Protected Material**"), but also (1) any information copied or extracted from "**Protected Material**;" (2) all copies, excerpts, summaries, or compilations of "**Protected Material**;" and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal "**Protected Material**."

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4. ACCESS TO AND USE OF CONFIDENTIAL AND "ATTORNEY'S EYES ONLY" MATERIAL

4.1. Basic Principles. A receiving party may use "**Protected Material**" that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. "**Protected Material**" may be disclosed only to the categories of persons and under the conditions described in this agreement. "**Protected Material**" must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2. Disclosure of "CONFIDENTIAL" Material. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any "**CONFIDENTIAL**" material only to:

(a) the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation;

(c) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "**Acknowledgment and Agreement to Be Bound**" (Exhibit A);

(d) the court, court personnel, and court reporters and their staff;

(e) copy or imaging services retained by counsel to assist in the duplication of "**CONFIDENTIAL**" material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any "**CONFIDENTIAL**" material to third parties and to immediately return all originals and copies of any "**CONFIDENTIAL**" material;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "**Acknowledgment and Agreement to Be Bound**" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal "**CONFIDENTIAL**" material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.3. Disclosure of "ATTORNEY'S EYES ONLY" Material. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any "**ATTORNEY'S EYES ONLY**" material only to those listed in categories (a)-(g) in Section 4.2, except for category (b) unless category (f) or (g) applies.

4.4. Filing "Protected Material." Before filing "**Protected Material**," or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating

STIPULATED PROTECTIVE ORDER - 4
Case No. 2:23-cv-01936-KKE

party must identify the basis for sealing the specific information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. A party who seeks to maintain the designation of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

5.   DESIGNATING "PROTECTED MATERIAL"

   5.1.   <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

   Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

   If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

   5.2.   <u>Manner and Timing of Designations</u>. Except as otherwise provided in this agreement (see, *e.g.*, second paragraph of section 5.2(b) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a) <u>Information in documentary form</u>: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "**CONFIDENTIAL**" or "**ATTORNEY'S EYES ONLY**" to each page that contains designated material. If only a portion or portions of the material on a page qualify for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b) <u>Testimony given in deposition or in other pretrial proceedings</u>: The parties and any participating non-parties must identify on the record, during the deposition, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the transcript of the deposition, designate portions of the transcript, or exhibits thereto, as "**Protected Material**." If a party or non-party desires to shield "**Protected Material**" at trial, the issue should be addressed during the pretrial conference. With respect to any testimony presented at a hearing or in other pretrial or trial proceedings, the parties reserve the right to, upon a showing of extraordinary circumstances, to request that such testimony, or portions thereof, be treated as "**CONFIDENTIAL**" OR "**ATTORNEY'S EYES ONLY**."

(c) <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the label "**CONFIDENTIAL**" or "**ATTORNEY'S EYES ONLY**." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3. <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6. <u>CHALLENGING DESIGNATIONS</u>

6.1. <u>Timing of Challenges</u>. Any party or non-party may challenge a designation under this order at any time. Unless a prompt challenge to a designating party's designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2. <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute regarding designations without court involvement. Any motion regarding designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3. <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain the designation under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive each challenged designation. The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the information in question as "**Protected Material**" until the court rules on the challenge. In addition, the challenging party may file a motion challenging a designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.

7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "**Protected Material**," that party must:

(a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose "**Protected Material**" material may be affected.

8. UNAUTHORIZED DISCLOSURE OF "PROTECTED MATERIAL"

If a receiving party learns that, by inadvertence or otherwise, it has disclosed designated material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the "**Protected Material,**" (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "**Acknowledgment and Agreement to Be Bound**" that is attached hereto as Exhibit A.

9. INADVERTENT PRODUCTION OF PRIVILEGED OR "PROTECTED MATERIAL"

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or

agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

10.  NON TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must return all designated material to the producing party, including all copies, extracts, and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain "**Protected Material**."

The obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

RESPECTFULLY STIPULATED TO AND DATED this 25th day of November, 2024.

TERRELL MARSHALL LAW GROUP PLLC

By: */s/ Beth E. Terrell*
Beth E. Terrell, WSBA #26759
Email: bterrell@terrellmarshall.com
Seth M. Dawson, WSBA #56055
Email: sdawson@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, Washington 98103
Telephone: (206) 816-6603

Craig M. Nicholas, *Admitted Pro Hac Vice*
Email: cnicholas@nicholaslaw.org
Shaun Markley, *Admitted Pro Hac Vice*
Email: smarkley@nicholaslaw.org
Jordan Belcastro, *Admitted Pro Hac Vice*
Email: jbelcastro@nicholaslaw.org
NICHOLAS & TOMASEVIC, LLP
225 Broadway, 19th Floor
San Diego, California 92101
Telephone: (619) 325-0492

*Attorneys for Plaintiff*

PERKINS COIE LLP

By: */s/  Heath L. Hyatt*
David A. Perez, WSBA #43959
Email: DPerez@perkinscoie.com
Christian W. Marcelo, WSBA #51193
Email: CMarcelo@perkinscoie.com
Heath L. Hyatt, WSBA #54141
Email: HHyatt@perkinscoie.com
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: (206) 359-8000

Alisha C. Burgin, *Admitted Pro Hac Vice*
Email: ABurgin@perkinscoie.com
1888 Century Park East, Suite 1700
Los Angeles, California 90067-1721
Telephone: (310) 788-9900

Torryn T. Rodgers, *Admitted Pro Hac Vice*
Email: TRodgers@perkinscoie.com
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone: (415) 344-7000

*Attorneys for Defendants*

1       PURSUANT TO STIPULATION, IT IS SO ORDERED

2       IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d). The provisions of Fed. R. Evid. 502(b) do not apply. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party.

      DATED: November 25, 2024

*[signature: Kymberly K. Evanson]*

Kymberly K. Evanson
United States District Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on [date] in the case of *The Upper Deck Company v. Ryan Miller, et al.*, No. 2:23-cv-01936-KKE. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____