1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE UPPER DECK COMPANY, | CASE NO. C23-1936-KKE |
| Plaintiff, | ORDER ON DISCOVERY DISPUTES |
| v. | |
| RYAN MILLER et al., | |
| Defendants. | |

This matter comes before the Court on the parties' joint discovery dispute statements. Dkt.
Nos. 76, 78. The Court held a status conference and heard from both parties on the discovery
disputes. Dkt. No. 81. The Court will first memorialize its oral rulings regarding Plaintiff's
response to Defendants' interrogatories ("Rogs") and requests for admission ("RFAs"). The Court
will then issue its order on Plaintiff's objections to Defendants' requests for production ("RFP").
The Court ends this order with a reminder to the parties about its expectations regarding
professionalism and cooperation.

## I.    THE FIRST DISCOVERY DISPUTE

The first joint discovery dispute statement concerns Plaintiff's responses to Defendant
Miller's Rogs 1–5, 7–8; Defendant Ravensburger's Rogs 3, 5, 7–11; and Defendants' RFAs 5 and
6. Dkt. No. 76. As stated on the record, the Court ORDERS as follows:

- Miller Rog 2: Plaintiff shall amend this response to specifically identify the work
  product they allege was disclosed.

ORDER ON DISCOVERY DISPUTES - 1

- Miller Rog 3: Plaintiff shall amend this response to more fully describe what acts each "milestone" included and the specific tasks that are "being redone." Plaintiff should also add more detail about the current schedule for the release of Rush of Ikorr.

- Miller Rog 4: Plaintiff's counsel shall confirm that the only delay in production occurred in April 2023.

- Miller Rog 7: Plaintiff shall amend this response to list the specific contract(s) and provision(s) it alleges were breached.

- Miller Rog 8: Plaintiff shall amend this response to describe categories of damages and the parties shall meet and confer after that amendment to determine what additional information, if any, is needed and appropriate for this stage of litigation.

- Ravensburger Rog 5: Plaintiff shall amend this response to include dates of new drafts of the relevant "Ability," if any, and shall confirm the "expression" column of its table accurately describes how each relevant "Ability" interacts with the other aspects of the game.

- Ravensburger Rog 7 and Rog 10: Plaintiff shall amend these responses to identify the confidential or proprietary information it alleges has been incorporated into Lorcana.

- Ravensburger Rog 8, Rog 9, Rog 11: Plaintiffs shall amend these responses in accordance with FRCP 33(d) once responsive documents are produced.

- Defendants' RFA 5 and RFA 6: the parties are instructed to meet and confer in an effort to agree on an understanding of the term "artwork" as used in these requests. Plaintiff shall then amend its response.

Under Federal Rule of Civil Procedure 33(d), all parties are reminded that any responses to Rogs that refer to business records must specify by Bates number the records that are responsive to the Rog.

Plaintiff's remaining responses to the identified Rogs are sufficient. Plaintiff shall amend its responses to these Rogs and RFAs by January 10, 2025. If any of Plaintiff's responses utilize FRCP 33(d), they must be updated within seven days of Plaintiff's corresponding production to list the specific Bates numbers. Plaintiff is reminded of its duty to supplement these responses to the extent new information becomes available. Fed. R. Civ. P. 26(2)(E).

ORDER ON DISCOVERY DISPUTES - 2

1

2

## II.   THE SECOND DISCOVERY DISPUTE

3

4

In the second joint discovery dispute statement, Defendants complain of Plaintiff's objections to certain RFPs.  Dkt. No. 78.  The Court ORDERS as follows:

5

- RFP 1: Plaintiff shall amend its response (and corresponding production) to include documents that relate to Miller.

6

7

- RFP 2: Plaintiff shall amend its response (and corresponding production) to include documents that relate to Lorcana.

8

9

- RFP 9: Plaintiff shall amend its response (and corresponding production) to include agreements regarding Rush of Ikorr that Plaintiff entered with third party game designers who attended the 2018 summit.

10

- RFP 10: Plaintiff shall amend its response (and corresponding production) to include communications that mention any other agreements between the parties, besides the 2018 Summit Agreement and the Work for Hire Agreement, to the extent such agreements exist.  If no other agreements exist, Plaintiff does not need to amend its response other than to confirm the absence of any additional agreements.

11

12

13

14

- RFP 20[1]: Plaintiff's counsel represented that this production will include more than a written report.  Thus, Plaintiff shall amend its response to more accurately reflect the documents relating to damages it intends to produce.

15

16

- RFP 24, RFP 25, and RFP 26: Plaintiff shall amend its responses (and corresponding productions) to include documents that relate to each copyright.

17

- RFP 27: Plaintiff shall amend its response (and corresponding production) to include documents that relate to Miller's termination of the Work for Hire Agreement.

18

19

- RFP 31: Plaintiff shall amend its response (and corresponding production) to include documents that relate to any "false, misleading, deceptive statements [or] partial disclosures of fact relating to the termination of [Ryan Miller's] relationship with Upper Deck and the commencement of his relationship with Ravensburger" as alleged in Paragraph 64 of the Second Amended Complaint.

20

21

Plaintiff shall amend its responses to these RFPs by January 10, 2025.

22

23

24

---

[1] At the hearing, Defendants raised concerns with RFPs 17–19.  These were not included in the joint discovery dispute statement so the Court will not address them.

1    The remaining identified RFP responses are sufficient but to the extent the document

2  production does not comport with the response, Defendants can reraise these concerns in another

3  joint discovery statement after meeting and conferring with Plaintiff.

4    Defendants also preemptively dispute the adequacy of Plaintiff's forthcoming document

5  production.  Such disputes are not ripe for the Court's consideration.  Accordingly, the Court

6  instructs the parties to meet and confer after Plaintiff completes its production and Defendants can

7  reraise any disputes in another joint discovery statement, if necessary.

8    Regarding the ESI protocol dispute, it is difficult to imagine how Plaintiff will meet its

9  discovery obligations (especially regarding documents that "relate to" different topics) without

10  keyword searching, which is best managed through an ESI agreement.  Courts in this district have

11  repeatedly emphasized the importance of both initial self-searching by a party (as Plaintiff

12  proposes) followed up by a more comprehensive digital search.  *See, e.g.*, *Benanav v. Health Paws*

13  *Pet Ins.*, No. C20-00421-LK, 2022 WL 3587982, at *3 (W.D. Wash. Aug. 22, 2022) ("[I]t is typical

14  for a party to conduct a prompt initial search for 'low-hanging fruit' and later perform a more

15  comprehensive search based on negotiated search terms." (cleaned up)).  Courts have likewise

16  detailed the risks inherent in self-searching alone.  *Id.* at *4 ("[P]arties and counsel that embark on

17  self-collection can soon encounter multiple pitfalls that can sidetrack the litigation and lead to

18  motions to compel, spoliated evidence, and even sanctions.") (collecting cases); *see also Tera II,*

19  *LLC v. Rice Drilling D, LLC*, No. 2:19-CV-2221, 2022 WL 1114943, at *4–5 (S.D. Ohio Apr. 14,

20  2022) (noting that self-collections by document custodians tend to give rise to "'questions

21  regarding the accuracy and completeness of collections if directions and oversight by legal counsel

22  or forensics experts are poor or non-existent,'" and that "[t]hese problems with self-collection may

23  be counteracted with a systematic procedure for producing documents") (quoting *The Sedona*

24

ORDER ON DISCOVERY DISPUTES - 4

*Principles, Third Edition: Best Practices, Recommendations & Principles for Addressing Electronic Document Production*, 19 SEDONA CONF. J. 1, 167 (2018)).

At this juncture, the Court will not order Plaintiff to enter any particular ESI agreement but directs Plaintiff to ensure it is taking all appropriate steps to meet its discovery obligations, including with respect to the preservation and identification of electronically stored information. To the extent any party's document production is inconsistent with the Federal Rules or this order, the Court may order the parties to exchange search terms, custodians, date ranges, and other pertinent discovery search protocol information to ensure that all responsive documents are identified.

### III.   GENERAL CONDUCT

Plaintiff represented to the Court that it would produce 15 categories of documents by December 23, 2025, and would complete its production of documents in response to Defendants' first RFPs by January 24, 2025.  It is the Court's expectation that these dates are firm.

At Plaintiff's request, the Court clarifies that the timing requirements under Local Civil Rule 37(a)(2) do not apply to this Court's discovery dispute procedure.  That said, the Court expects the parties will provide a reasonable amount of time in which to respond to a proposal for a joint discovery statement.  The purpose of the Court's discovery dispute procedure is to encourage communication between the parties, crystallize discovery disputes, and provide expedited access to the Court for a hearing and prompt resolution of discovery issues.  This process is intended to save the parties time and resources, as well as promote judicial economy, by keeping discovery moving and avoiding protracted briefing on discovery disputes.  The success of this procedure depends upon the parties' good faith participation and recognition of these aims.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

To that end, the parties are reminded to continue to work together, confer in good faith, and exhibit civility and professional courtesy with respect to the tone and content of any communications.

Dated this 18th day of December, 2024.

Kymberly K. Evanson
United States District Judge