UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE UPPER DECK COMPANY, | CASE NO. C23-1936-KKE |
| Plaintiff(s), | ORDER STRIKING MOTIONS TO SEAL |
| v. | |
| RYAN MILLER, et al., | |
| Defendant(s). | |

Pending before the Court are six motions to seal. Dkt. Nos. 107, 112, 114, 121, 147, 156. Because the Court concludes that the parties have not complied with the requirements of the Local Rules, as detailed below, the Court will strike the motions.

"There is a strong presumption of public access to the court's files." Local Rules W.D. Wash. LCR 5(g); *see also Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). "A party must explore all alternatives to filing a document under seal." LCR 5(g)(1). And parties must meet and confer to discuss those alternatives. LCR 5(g). "'Meet and [confer]' means a good faith conference in person or by telephone to resolve the matter in dispute without the court's involvement." LCR 1(c)(6). Where a party seeks to file a document marked as confidential during discovery, the parties "must determine whether the designating party will withdraw the confidential designation or will agree to redact the document so that sealing is unnecessary." LCR 5(g)(1)(A). In the event sealing is unavoidable, parties must certify that they have met and

ORDER STRIKING MOTIONS TO SEAL - 1

conferred "in an attempt to reach agreement on the need to file the document under seal, to minimize the amount of material filed under seal, and to explore redaction and other alternatives to filing under seal." LCR 5(g)(3).

Though the parties certified that they met and conferred, the filings are nevertheless replete with indicators that the purpose of those conferences—to discuss withdrawal of confidential designations, redactions, and all alternatives to sealing—was not fulfilled. *See, e.g.,* Dkt. No. 135 ("Upon further reflection, Upper Deck is willing to withdraw its confidentiality designations"); Dkt. No. 147 ("Given the short notice, Defendants are currently standing on their designations but may adjust."). Court filings are not the appropriate forum through which to conduct a meaningful conferral. Rather, the local rules appropriately task the parties with identifying actual disputes over sealing in the first instance. Here, deciphering the parties' evolving positions across six disparate motions inappropriately shifts that burden to the Court.

Accordingly, the Court STRIKES the parties' motions to seal (Dkt. Nos. 107, 112, 114, 121, 147, 156) and ORDERS the parties to meet and confer, and to file a Joint Status Report by August 29, 2025, apprising the Court with specificity of what portions of the record should remain under seal and whether any sealing disputes remain. If possible, the parties should identify the exhibits at issue in a chart format, clearly indicating where the parties have reached agreement and the basis for any outstanding disputes. All remaining briefing deadlines associated with the outstanding motions (Dkt. Nos. 147, 156) are VACATED.

Dated this 22nd day of August, 2025.

Kymberly K. Evanson
United States District Judge