UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE UPPER DECK COMPANY,<br><br>             Plaintiff,<br><br>    v.<br><br>RYAN MILTON, et al.,<br><br>             Defendants. | CASE NO. C23-1936-KKE<br><br>ORDER ON MOTIONS TO SEAL |

In conjunction with their summary judgment briefing, the parties filed six motions to seal. Dkt. Nos. 107, 112, 114, 121, 147, 156. The Court struck those motions for the parties' failure to meaningfully meet and confer, and ordered the parties to file a joint status report summarizing their sealing requests, and noting any outstanding sealing disputes. Dkt. No. 167. Now pending before the Court are the parties' updated sealing requests. Dkt. No. 169. All requests are mutually agreed upon, and "[t]here are no outstanding sealing disputes between the parties." Dkt. No. 169 at 1.

As detailed below, the requests to seal are GRANTED IN PART and DENIED IN PART.

ORDER ON MOTIONS TO SEAL - 1

# I. ANALYSIS

## A. Legal Standard

"There is a strong presumption of public access to the court's files." Local Rules W.D. Wash. LCR 5(g); *see also Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). To overcome this presumption, a party must meet either a good cause or compelling reasons standard, depending on the type of document the party seeks to seal. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006). "Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy. A 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions." *Kamakana*, 447 F.3d at 1180; s*ee Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–78 (9th Cir. 2010) (describing the two standards). The moving party bears the burden of overcoming this presumption. LCR 5(g); *Kamakana*, 447 F.3d at 1178.

Under the local rules of this District, a party filing a motion to seal is required to provide

> [a] specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant the relief sought; (ii) the injury that will result if the relief sought is not granted; and (iii) why a less restrictive alternative to the relief sought is not sufficient.

LCR 5(g)(3)(B). If the court denies a motion to seal, the Clerk will unseal the document unless the Court orders otherwise or a party requests that the Court withdraw the document rather than unseal it. LCR 5(g)(6). No party has requested to withdraw any documents if the motion to seal is denied.

## B. Joint Requests to Seal

Plaintiff seeks to maintain under seal "exhibits and discussions of the terms of two purchase agreements that contain Plaintiff's sensitive and confidential financial and business information."

ORDER ON MOTIONS TO SEAL - 2

Dkt. No. 169 at 2. Defendants seek to maintain under seal exhibits and discussions relating to four categories of information: (1) "the specific terms of the confidential license agreement between Ravensburger and third-party Disney, including intellectual property royalty rates"; (2) "the global financial performance of Lorcana, including the product's revenues, profits, and losses"; (3) "the details and findings of market research commissioned by Ravensburger to understand the market positioning of Lorcana and corresponding consumer behavior"; and (4) "the salary negotiations leading up to and the ultimate compensation terms of Ryan Miller's employment with Ravensburger." Dkt. No. 169 at 2–3.

1. <u>Proposed Redactions Related to the Motion to Exclude Dr. Roberto Cavazos and Supporting Declaration</u>

Defendants seek to redact the following portions of the record which pertain to their motion to exclude Plaintiff's expert Dr. Roberto Cavazos:

- paragraphs 8–9, 37–39, 47–49, and Tables 1 and 2 from Exhibit A (Dr. Cavazos' opening report) (Dkt. No. 109);
- paragraphs 44 and 47 of Exhibit B (Dr. Cavazos' rebuttal report) (Dkt. No. 109);
- several passages from Exhibit C[1] (excerpts from Dr. Cavazos' deposition transcript) (Dkt. No. 109);
- and several passages from Defendants' motion to exclude Dr. Cavazos (Dkt. No. 108).[2]

Dkt. No. 169 at 3. Defendants explain these passages are related to the Disney licensing agreement and confidential financial information pertaining to Lorcana.

---

[1] Defendants seek to seal 30:19-22, 35:17-20, 42:23-24 (corrected from stated request, 42:34-24), 43:1-3, 79:25-80:2, 86:19-22, 87:3-4, 88:17-20, 133:2-8, 217:19-22, 230:18-19, 248:21-25, and 311:10-25 from Exhibit C. Dkt. No. 169 at 3.

[2] Defendants seek to seal 2:7-22; 7:4-6; 8:15-16; 8:22-24; 9:17-19; 10:24-26 from their Motion to Exclude Plaintiff's Expert Dr. Cavazos. Dkt. No. 169 at 3.

ORDER ON MOTIONS TO SEAL - 3

        a.      *Exhibit A, Dr. Cavazos' Opening Report*

The Court finds each section Defendants seeks to redact in Exhibit A discusses specific terms of the license agreement between Ravensburger and third-party Disney or confidential financial information for the Lorcana game. Thus, the Court finds good cause to redact these sections of the motion and grants Defendants' requests as to Exhibit A.

        b.      *Exhibit B, Dr. Cavazos' Rebuttal Report*

The Court finds good cause to seal paragraphs 44 and 47. Paragraph 44 contains information about Lorcana's financial information and the third-party licensing agreement, and paragraph 47 references a specific term in the third-party licensing agreement. Thus, the Court grants Defendants' request to seal these paragraphs.

        c.      *Exhibit C, Dr. Cavazos' Deposition Transcript*

Turning to Exhibit C, the Court denies Defendants' request to redact page 230, lines 18 and 19 (Dkt. No. 109 at 114) because Dr. Cavazos' answer does not reference actual contract terms, only a hypothetical royalty rate. The Court finds that the remaining sections of Exhibit C Defendants wish to redact (Dkt. No. 169 at 3) discuss confidential financial information about Lorcana or specific terms of the licensing agreements or employment agreements with other third parties. Thus, the Court grants Defendants' request to redact these portions of Dr. Cavazos' deposition transcript.

        d.      *Motion to Exclude Dr. Cavazos*

Lastly, the Court finds each section Defendants request to redact from their motion to exclude Dr. Cavazos references confidential terms of the license agreement between Ravensburger and third-party Disney or financial information about Lorcana. Thus, the Court grants Defendants' request to redact the requested portions of the motion.

ORDER ON MOTIONS TO SEAL - 4

2. <u>Proposed Redactions Related to the Motion to Exclude Plaintiff's Expert Dr. Ian Bogost and Supporting Declaration</u>

Defendants seek to redact the following portions of filings related to the motion to exclude Dr. Ian Bogost:

- paragraphs 39–42 of Exhibit B (Dr. Bogost's rebuttal report) (Dkt. No. 115);
- page 235 (lines 8–12) and page 236 (lines 15–25) from Exhibit C (the excerpts from Dr. Bogost's deposition transcript) (Dkt. No. 115); and
- page 12 (lines 10–13) of the motion to exclude (Dkt. No. 113).

Dkt. No. 169 at 3–4. Each of these excerpts discusses specific terms of the license agreement between Ravensburger and third-party Disney and the Court finds good cause to keep this information under seal. Accordingly, the Court grants Defendants' request to redact these sections.

Plaintiff seeks to seal:

- paragraphs 94–106 of Exhibit A (Dr. Bogost's expert report); and
- page 10 (lines 16–26) and page 11 (lines 1–6) of the motion to exclude.

Dkt. No. 169 at 3. Paragraphs 94–106 of Exhibit A describe the agreements between Defendant Miller and Upper Deck and summarize Defendant Miller's general work history. Dkt. No. 115 at 43–50. The Court grants this motion as to as any information contained in those paragraphs that is not already part of the public record. *See, e.g.,* Dkt. No. 48 at 6–21 (Exhibits to Defendant Miller's Declaration including 2018 and 2019 agreements with Upper Deck). The Court also grants Plaintiff's request to seal paragraphs from the motion to exclude, as they reference confidential third-party contracts.

Defendants shall file new redacted versions of the motion to exclude and declaration of Evelyn Pang in accordance with this order.

ORDER ON MOTIONS TO SEAL - 5

3. <u>Proposed Redactions to Declaration in Support of Motion to Exclude Defendant's Expert James E. Pampinella</u>

Defendants seek to seal the following sections of Exhibit 2 (rebuttal report of James E. Pampinella) to the declaration of Shaun Markley (Dkt. No. 120)[3] in support of Plaintiff's motion to exclude James E. Pampinella:

- paragraphs 10-14, 16, 55-57, 59, 63-64, 71-72, 78, and 85;
- figures 1 and 2;
- footnotes 137, 148, and 172; and
- schedules 2.0-R through 3.10-R.

Dkt. No. 169 at 4.  The Court grants Defendants' request as to all sections except footnote 172, which references publicly available websites.  The remainder of Defendants' requests includes proprietary business information which may be redacted as proposed.

Plaintiff shall file a newly redacted version of Shaun Markley's declaration in support of its motion to exclude James Pampinella that comports with this order.

4. <u>Proposed Redactions to Defendant's Declaration in Support of Motion for Summary Judgment</u>

The Court turns to redaction and sealing requests exhibits to the declaration of Heath Hyatt, which Defendants filed in support of their motion for summary judgment.  Dkt. No. 124. Defendants seek to seal paragraphs 39–42 of Exhibit S (Dr. Bogost's rebuttal report) submitted in support of their motion for summary judgment.  The Court has already found that this information meets the good cause standard (*supra* Section I(B)(2)), but because these sections are attached to a dispositive motion, Defendants must also show "compelling reasons" to seal the information.

---

[3] Corrected from requested filing, Dkt. No. 118, which is the redacted version of Shaun Markley's declaration.

ORDER ON MOTIONS TO SEAL - 6

*Kamakana*, 447 F.3d at 1179.  The Court finds Defendants have met this standard because this information includes confidential business information that "might harm a litigant's competitive standing."  *See Microsoft Corp. v. Motorola, Inc.*, No. C10-1823JLR, 2012 WL 5476846, at *1 (W.D. Wash. Nov. 12, 2012) (cleaned up).  Here, disclosure of proprietary business information around the third-party licensing agreement and intellectual property royalty rates could give competitors visibility into Defendant's internal product development as well as its business relationship with Disney.  The Court grants the motion to seal as to these three paragraphs of Exhibit S.

Plaintiff requests sealing Exhibit A and Exhibit D, and paragraphs 94–106 of Exhibit R on the basis that they are, or contain references to, confidential third-party contracts.  Dkt. No. 169 at 4.  However, the Court denies the requests to seal this information because exhibits A and D are already publicly available on the docket (Dkt. No. 48 at 6–21 (agreements between Defendant Miller and Plaintiff)).  And, as above (*supra* Section I(B)(2)), the Court grants the request to seal paragraph 94–106 of exhibit R insofar as Dr. Bogost discusses any third-party contract terms not already available on the docket.

The Court orders Defendants to file a redacted version of the Heath Hyatt declaration that complies with this order.

5. <u>Proposed Redactions to Plaintiff's Declaration in Support of Opposition to Motion for Summary Judgment</u>

Defendants request the following redactions of Shaun Markley's declaration in support of Plaintiff's opposition (Dkt. No. 150):

- several sections[4] from Exhibit 4 (excerpts of Defendant Miller's deposition transcript);

---

[4] Defendants specifically request the following lines be redacted: 201:8-10; 201:13-16; 201:18-202:2; 202:13-14; 203:12-14; 203:16-19.  Dkt. No. 169 at 4.

- several sections[5] from Exhibit 10 (excerpts of Florian Baldenhofer's 30(b)(6) and individual capacity deposition transcript);

- Exhibit 22 in its entirety; and

- four sentences from Exhibit 23.

Here, for the same reasons as above, Defendants have "compelling reasons" to seal the requested information. *Kamakana*, 447 F.3d at 1179. Defendants propose redacting specific compensation terms and incentive structures that, if made public, could harm its competitive standing. Accordingly, the Court grants Defendants' request to seal the above portions of Shaun Markley's declaration.

Plaintiff again requests to seal the already publicly filed 2018 and 2019 Agreements between Plaintiff and Defendant Miller. As above, (*supra* Section I(B)(4)), the Court denies these requests to seal.

Plaintiff shall file a new redacted version of Shaun Markley's declaration in support of its opposition to Defendants' motion for summary judgment that comports with this order.

## II.  CONCLUSION

The Court GRANTS IN PART and DENIES IN PART the requests to seal. Dkt. No. 169 at 3–5.

The Court grants the motions to seal as to:

- In the motion to exclude Dr. Cavazos: page 2 (lines 7–22), page 7 (lines 4–6), page 8 (lines 15–16, 22–24), page 9 (lines 17–19), page 10 (lines 24–26)

- In the declaration of Evelyn Pang in support of the motion to exclude Dr. Cavazos: paragraphs 8–9, 37–39, 47–49, and Tables 1 and 2 from Exhibit A; paragraphs 44 and 47 from Exhibit B; and the following pages and lines from Exhibit C:  30:19-

---

[5] Defendants specifically request the following lines be redacted: 112:1-20; 113:3-13; 115:6- 15; 117:1-15; 118:17-119:5; 119:15-18.  Dkt. No. 169 at 4.

ORDER ON MOTIONS TO SEAL - 8

22, 35:17-20, 42:23-24, 43:1-3, 79:25-80:2, 86:19-22, 87:3-4, 88:17-20, 133:2-8, 217:19-22, 248:21-25, and 311:10-25

- In the motion to exclude Dr. Bogost: page 12 (lines 10–13), and line 16 on page 10 through line 6 on page 11

- In the declaration of Evelyn Pang in support of the motion to exclude Dr. Bogost: paragraphs 94–106 (any references to information not already available on the docket), paragraphs 39–42 from Exhibit B, and the following pages and lines from Exhibit C: page 235 (lines 8–12) and page 236 (lines 15–25)

- In Exhibit 2 to the declaration of Shaun Markley in support of the motion to exclude James E. Pampinella: paragraphs 10–14, 16, 55–57, 59, 63–64, 71–72, 78, and 85 as well as Figures 1 and 2, Footnotes 137, and 148, and Schedules 2.0-R through 3.10-R

- In the declaration of Heath Hyatt in support of Defendants' motion for summary judgment: paragraphs 39–42 of exhibit S; paragraphs 94–106 from exhibit R, (any references to information not already available on the docket)

- In the declaration of Shaun Markley in support of Plaintiff's opposition to Defendants' motion for summary judgment: the following lines in Exhibit 4: 201:8-10; 201:13-16; 201:18-202:2; 202:13-14; 203:12-14; 203:16-19; the following lines in Exhibit 10: 112:1-20; 113:3-13; 115:6-15; 117:1-15; 118:17-119:5; 119:15-18; Exhibit 22 in its entirety; and four sentences in Exhibit 23 that reference compensation.

All other requests in the joint status report are denied.

Accordingly, the Court will allow these documents to remain sealed but ORDERS the filing party to re-file updated versions of the documents that redact only the information identified above no later than September 23, 2025. Finally, because the parties no longer seek to seal or redact Dkt. Nos. 122, 123, 132, or 157, those documents shall be unsealed.

Dated this 19th day of September, 2025.

*Kymberly K. Evanson*

Kymberly K. Evanson
United States District Judge