UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THE UPPER DECK COMPANY,

                    Plaintiff(s),

    v.

RYAN MILLER, et al.,

                    Defendant(s).

CASE NO. C23-1936-KKE

ORDER DENYING MOTION FOR
ATTORNEY'S FEES

After defeating Plaintiff's copyright claims at summary judgment, Defendants Ravensburger North America, Inc. ("Ravensburger") and Ryan Miller seek attorney's fees under the Copyright Act. Dkt. No. 218. Having considered the relevant factors, the Court will deny Defendants' motion for the reasons below.

## I. BACKGROUND

The procedural and factual background of this case is familiar to the parties and the Court, and, as such, the Court does not recount that history in full in this order. In 2023, Plaintiff The Upper Deck Company ("Upper Deck"), a sports and entertainment company that, among other things, produces and sells trading card games ("TCGs"), sued both Ravensburger and a former Upper Deck contractor, Ryan Miller. Dkt. No. 1. Upper Deck and Ravensburger are competitors in the TCG space, and Ryan Miller is a TCG designer. Dkt. No. 83 ¶ 1. In its third amended complaint, Upper Deck alleged multiple causes of action against Defendants, including copyright

ORDER DENYING MOTION FOR ATTORNEY'S FEES - 1

infringement, conversion, fraudulent misrepresentation, fraudulent concealment, and unfair competition under California law.  Dkt. No. 83.  Central to those claims was Upper Deck's assertion that Miller misappropriated Upper Deck's copyrighted work, Version 2.6 of an in-progress TCG ("Version 2.6"), to develop the popular trading card game, Lorcana, for Ravensburger.  *Id.*

On October 3, 2025, after two rounds of motions to dismiss (Dkt. Nos. 58, 79), the Court granted Defendants' motion for summary judgment in part, dismissing all claims except for a sole breach of contract claim as to Miller.  *See* Dkt. No. 184.  On October 23, 2025, Upper Deck accepted an offer of judgment under Federal Rule of Civil Procedure 68(a), and a $39,000 judgment was entered in favor of Upper Deck on its contract claim against Miller.  Dkt. Nos. 215, 216.  Defendants timely moved for attorney's fees and costs pursuant to the Copyright Act, 17 U.S.C. § 505.  Dkt. No. 218.  Upper Deck filed its opposition, and Defendants filed their reply.  Dkt. Nos. 233, 236.  In the interim, Upper Deck filed an appeal to the Ninth Circuit.  Dkt. No. 231.  Though Upper Deck lost on the merits of its copyright claim, the Court finds Upper Deck's litigation position was neither unreasonable nor frivolous, and therefore denies Defendants' motion for attorney's fees.

## II.   ANALYSIS

**A.      The Court Declines to Await Issuance of the Ninth Circuit's Mandate to Rule on Fees.**

Upper Deck first argues that "[t]he Court should deny the motion without prejudice to refiling after the Ninth Circuit's mandate issues from Upper Deck's appeal."  Dkt. No. 233 at 8 (citing *Drum Lodge, LLC v. Martel Constr., Inc.*, 2024 WL 2835584, at *1 n. 1 (E.D. Cal. 2024)).  District courts retain jurisdiction "to award attorneys' fees after the notice of appeal from the decision on the merits [has] been filed."  *Masalosalo by Masalosalo v. Stonewall Ins. Co.*, 718

ORDER DENYING MOTION FOR ATTORNEY'S FEES - 2

F.2d 955, 957 (9th Cir. 1983). Defendants urge the Court to consider the fee petition while the appeal is pending because "the circumstances will be 'fresh in the mind of the district judge'" and "any fee appeal may be consolidated with the merits appeal to 'prevent delay and duplication[.]'" Dkt. No. 236 at 5 (quoting *Masalosalo*, 718 F.2d at 957). The Court agrees with Defendants. "The Ninth Circuit encourages district courts to rule on attorneys' fees motions notwithstanding an appeal[.]" *Baker v. Baker*, 16-CV-08931 VAP (JPRX), 2018 WL 6190597, at *3 (C.D. Cal. Aug. 31, 2018); *see also Boza v. U.S. Bank, N.A.*, No. LA CV-12-6993 JAK (FMOx), 2013 WL 5943160, at *3 (C.D. Cal. Oct. 28, 2013). Against this legal backdrop, and because Upper Deck offers no argument as to why delaying a ruling on fees is appropriate in this case, the Court declines to defer ruling on fees while Upper Deck's appeal is pending. The Court turns to the merits of Defendants' fee petition.

**B.    Legal Standard**

Under the Copyright Act, "the court in its discretion may allow the recovery of full costs" and may also "award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. "[A]ttorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion." *Fogerty v. Fantasy, Inc.* ("*Fogerty I*"), 510 U.S. 517, 534 (1994). Though § 505 gives "broad leeway" to district courts, the Supreme Court has "established several principals and criteria to guide their decisions." *Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 202 (2016). In making a "particularized, case-by-case assessment," courts consider "several nonexclusive factors." *Id.* (quoting *Fogerty I*, 510 U.S. at 534 n.19). These factors are: "(1) the degree of success obtained; (2) frivolousness; (3) motivation; (4) the objective unreasonableness of the losing party's factual and legal arguments; and (5) the need, in particular circumstances, to advance considerations of compensation and deterrence." *Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, 614 (9th Cir. 2010); *see also Fogerty I*, 510 U.S. at 534 n.19. These factors "are

ORDER DENYING MOTION FOR ATTORNEY'S FEES - 3

not exclusive and need not all be met." *Fantasy, Inc. v. Fogerty* ("*Fogerty II*"), 94 F.3d 553, 558 (9th Cir. 1996)).  Courts may also consider "the purposes of the Copyright Act" and "whether the chilling effect of attorney's fees may be too great or impose an inequitable burden on an impecunious [litigant]." *Glacier Films (USA), Inc. v. Turchin*, 896 F.3d 1033, 1037 (9th Cir. 2018) (citation omitted).

**C.    Defendants' Success on the Merits Supports an Award of Attorney's Fees.**

Defendants assert that their "total victory on infringement claims," weighs "heavily in support of an award of attorneys' fees under the Copyright Act." Dkt. No. 218 at 11 (citing *Perfect 10, Inc. v. Giganews*, 2015 WL 1746484, at *7 (C.D. Cal. Mar. 24, 2015), *aff'd*, 847 F.3d 657 (9th Cir. 2017)).  Upper Deck seemingly concedes this factor.  Dkt. No. 233 at 12 ("Beyond the success on the merits, little else supports fees" (citing *Williams v. Bridgeport Music, Inc.*, LA CV13-06004 JAK (AGRx), 2016 WL 6822309, at *8 (C.D. Cal. Apr. 12, 2016), *aff'd sub nom. Williams v. Gaye*, 885 F.3d 1150 (9th Cir. 2018), and *aff'd sub nom. Williams v. Gaye*, 895 F.3d 1106 (9th Cir. 2018)).  The Court agrees Defendants' success supports a fee award.

**D.    Upper Deck's Litigation Position Was Neither Unreasonable nor Frivolous, Undermining a Fee Award.**

While they are separate factors, reasonableness and frivolousness "may be considered together because both require an assessment of whether the positions taken by the parties lacked legal and factual bases." *Williams*, 2016 WL 6822309, at *6.  Courts afford "substantial weight" to the reasonableness of the losing party's litigating position. *Shame On You Prods. v. Banks*, 893 F.3d 661, 666 (9th Cir. 2018) (citing *Kirtsaeng*, 579 U.S. at 209–10).  "When a court weighs whether to grant attorney's fees, a legal argument that loses is not necessarily unreasonable." *Id.* (collecting cases).  This is "[b]ecause reasonable, though losing, litigation positions define the precise boundaries of copyright law," and "parties who advance such positions should not be

punished by the imposition of fees." *Williams*, 2016 WL 6822309, at *4. A claim is unreasonable "where a party 'should have known from the outset that its chances of success in th[e] case were slim to none[.]'" *Id.* (quoting *SOFA Entm't, Inc. v. Dodger Prods., Inc.*, 709 F.3d 1273, 1280 (9th Cir. 2013)). Similarly, a Copyright Act "claim is not frivolous merely because it is unsuccessful." *Bisson-Dath v. Sony Comput. Entm't Am. Inc.*, No. CV–08–1235 SC, 2012 WL 3025402, at *2 (N.D. Cal. July 24, 2012). Rather, a "frivolous" Copyright Act claim is one that is "clearly baseless," and involves "fantastic or delusional scenarios." *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n,* No. C 04-00371 JW, 2005 WL 2007932, at *4 (N.D. Cal. Aug. 12, 2005).

Defendants argue that because "Upper Deck ignored the limits of its own copyright registration," which extend only to "text, 2-D artwork," and pursued a game mechanics copyright theory when it "knew from the start that game mechanics are not copyrightable," its litigation position was unreasonable and pursued "in bad faith." Dkt. No. 218 at 12–13. Upper Deck responds that its legal position was reasonable given the "open questions," that exist regarding TCGs and copyright law. Dkt. No. 233 at 9. Upper Deck further asserts that its copyright claim "turned on the application of the idea-expression dichotomy," and whether the "gameplay elements" contained in its copyrighted work were protectable. Dkt. No. 233 at 11–12. Upper Deck additionally argues that the Court must consider all its claims, including its successful contract claim, "collectively" because "the Section 505 inquiry considers not just the merit of plaintiff's pure copyright claim, but also that of 'related claims' which 'involve a common core of facts' or 'related legal theories.'" Dkt. No. 233 at 10 (citing *Shame On You Prods.*, 893 F.3d at 669).

The Court agrees with Upper Deck. Though the Court ultimately found Upper Deck's Copyright claim to be non-meritorious, it did so only after two rounds of motions to dismiss and one round of summary judgment. Dkt. Nos. 58, 79, 184. And, on summary judgment, the Court

ORDER DENYING MOTION FOR ATTORNEY'S FEES - 5

observed that "the games are somewhat similar," though not similar enough to meet the applicable standard.  Dkt. No. 184 at 16.  Moreover, as Upper Deck observes, the Court's order on summary judgment considered Upper Deck's somewhat novel "bundle of expressions" copyright argument, which entailed looking to out-of-district and out-of-circuit precedent.  *See* Dkt. No. 184 at 11–13 (discussing *Atari, Inc. v. N. Am. Philips Consumer Elecs. Corp.*, 672 F.2d 607 (7th Cir. 1982) and *DaVinci Editrice S.R.L. v. ZiKo Games, LLC*, 183 F. Supp. 3d 820, 834 (S.D. Tex. 2016)); *see Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO, Loc. 631 v. Silver State Disposal Serv., Inc.*, 109 F.3d 1409, 1412 (9th Cir. 1997) (noting an appeal "is less likely to be considered frivolous when there is very little case law directly apposite.") (internal quotations omitted).  Finally, while non-meritorious, Upper Deck supported both of its copyright infringement theories with evidence.  *See also Williams*, 2016 WL 6822309, at *8 (explaining that a "district court properly exercise[s] discretion in finding copyright claims non-frivolous where the claims had, among other things, 'a factual basis supported by expert testimony'") (quoting *Smith v. Jackson*, 84 F.3d 1213, 1221 (9th Cir. 1996)).  As to its "bundle of expressions" theory, Upper Deck offered the expert testimony of Dr. Ian Bogost, undermining that Upper Deck "should have known from the outset" that its chances of success "were slim to none."  *SOFA*, 709 F.3d at 1280.  And, as to its intermediate copying theory, Upper Deck provided evidence that Miller retained a copy of Upper Deck's Version 2.6 while he worked on Ravensburger's Lorcana.  Dkt. No. 182 at 60–61; Dkt. No. 184 at 20.

In sum, Upper Deck's litigation position was neither frivolous nor unreasonable, undermining an award of an attorney's fees.

## E.    Upper Deck's Claims Were Not Brought in Bad Faith.

"[A] court's discretion may be influenced by the plaintiff's culpability in bringing or pursuing the action, but blameworthiness is not a prerequisite to awarding fees to a prevailing

ORDER DENYING MOTION FOR ATTORNEY'S FEES - 6

defendant." *Fogerty II*, 94 F.3d at 558.  "Courts generally hold that a finding of bad faith can be based on not only the actions that led to the lawsuit, but also the conduct of the litigation." *Wild v. NBC Universal*, 2011 WL 12877031, at *2 (C.D. Cal. July 18, 2011) (internal alterations and quotations marks omitted).  While Defendants' bad faith arguments generally merge with their arguments on unreasonableness and frivolousness, and are rejected for the same reasons identified above, Defendants also emphasize Upper Deck's purported "refusal to substantively respond to entire categories of questions during its corporate deposition[.]" Dkt. No. 218 at 12–13.  *Id.* at 13. While not addressing the combative deposition testimony directly, Upper Deck counters that its motivation to pursue this lawsuit "was not [] bad faith, but rather to protect its intellectual property."  Dkt. No. 233 at 13 (quotations omitted).  Upper Deck also asserts that its time and effort spent on the litigation weighs against a finding of bad faith.  *Id.* (citing *Williams*, 2016 WL 6822309, at *6).

Having reviewed the portions of the deposition cited by Defendants, the Court agrees that the witness was not especially cooperative, and Upper Deck's attorney objected to nearly every question in a manner that stymied the examination at least as much as the witness's seeming recalcitrance.  *See* Dkt. No. 219 at 13–48.  Even so, the Court disagrees that the rocky deposition evidences the case itself was brought or litigated in bad faith.  Instead, the Court agrees with Upper Deck that while the litigation was hard fought, its conduct did not suggest an improper motive.  *Cf. Stern v. Does*, 978 F. Supp. 2d 1031, 1060–51 (C.D. Cal. 2011) (finding bad faith where there was "a dearth of evidence that Plaintiff suffered actual damages" and Plaintiff delayed turning over evidence to Defendants during discovery); *also Shame On You Prods.*, 893 F.3d at 668 (finding bad faith where the plaintiff "long delay[ed] [] turning over a copy of [the allegedly copied] screenplay.").  To the contrary, "the amount of time and effort [Upper Deck] devoted to this suit weighs against a finding of bad faith." *Williams*, 2016 WL 6822309, at *6 (quoting *Bisson-Dath*,

2012 WL 3025402, at *2) .  Accordingly, this factor also weighs against an award of attorney's fees.

**F.      Compensation and Deterrence Weigh Against an Award of Fees.**

"Deterring non-meritorious lawsuits against defendants seen as having 'deep pockets' and compensating parties that must defend themselves against meritless claims are both laud[a]ble (sic) ends." *Scott v. Meyer*, 2010 WL 2569286, at *3 (C.D. Cal. June 21, 2010).  Deterrence "supports an award of fees if the losing party should be deterred from presenting in the future the claims (or defenses) that it asserted in the case in which fees are sought." *Enter. Mgmt. Ltd., Inc. v. Construx Software Builders, Inc.*, 2:19-CV-1458-DWC, 2024 WL 3650693, at *5 (W.D. Wash. Aug. 5, 2024), *aff'd,* 24-4327, 2025 WL 2255095 (9th Cir. Aug. 7, 2025) (citing *Epikhin v. Game Insight N. America*, 2016 WL 1258690, at *8 (N.D. Cal. Mar. 31, 2016)).  Because "[t]here is value in deterring frivolous lawsuits," "[t]he deterrence factor overlaps with those concerning motivation, frivolousness, and objective unreasonableness." *Id.*  Here, for many of the same reasons already discussed, the Court declines to find that Upper Deck should have been deterred from pursuing this lawsuit, and concludes this factor weighs against an award of fees.  *See Williams*, WL 6822309, at *8 (finding compensation and deterrence did not support a fee award where non-prevailing plaintiffs were "not serial litigants seeking an unwarranted payday.").

**G.      The Purposes of the Copyright Act Weigh Against an Award of Fees.**

"[I]n considering motions for attorneys' fees under § 505 of the Copyright Act, the district court should seek to promote the Copyright Act's objectives." *Magnuson v. Video Yesteryear*, 85 F.3d 1424, 1432 (9th Cir. 1996) (quotation omitted).  "The primary objective of the Copyright Act is to encourage the production of original literary, artistic, and musical expression for the good of the public." *Fogerty I*, 510 U.S. at 524.  "The Copyright Act commonly accomplishes that purpose

by incentivizing plaintiffs to protect their copyrights even though a successful defense may also promote that purpose." *Epikhin*, 2016 WL 1258690, at *9.

Defendants argue that an award of fees "advances the Copyright Act's goal of promoting creative expression by discouraging attempts to monopolize ideas and methods through overreaching litigation." Dkt. No. 218 at 14. Though Upper Deck failed to present sufficient evidence to support its copyright infringement claim, its attempt to enforce its copyright accords with the Copyright Act's objectives. *See Epikhin*, 2016 WL 1258690, at *9. (declining to award fees to prevailing defendants because "it will not serve the purposes of the Copyright Act to deter plaintiffs who are acting neither unreasonably nor in bad faith from seeking to protect their copyrights based on fear of a large attorney's fees award should the Court find the copyright registration to be insufficient"). Indeed, "the Copyright Act aims to incentivize plaintiffs to protect their copyrights." *Id.* (citing *Visa Int'l Serv. Ass'n*, 2005 WL 2007932, at *5).

Finally, as the Supreme Court explained in *Fogerty I*, the demarcation of the bounds of copyright law is "peculiarly important" in weighing whether a fee award furthers the aims of the Copyright Act. 510 U.S. at 517. Here, the summary judgment order included a relatively detailed analysis of whether Version 2.6's instructions and trading card text constituted protectable expression considering out-of-circuit case law. *See* Dkt. No. 184 at 9–16. Accordingly, "the litigation could reasonably be seen as contributing to at least an informed discussion on the demarcation of copyright law." *Williams*, 2016 WL 6822309, at *4. In sum, this factor also weighs against a fee award.

## III. CONCLUSION

One factor weighs in favor of an award of attorney's fees: the degree of success obtained by Defendants. The remaining factors favor the denial of fees. Accordingly, the Court DENIES Defendants' motion for attorney's fees. Dkt. No. 218.

ORDER DENYING MOTION FOR ATTORNEY'S FEES - 9

Dated this 11th day of June, 2026.

Kymberly K. Evanson
United States District Judge

ORDER DENYING MOTION FOR ATTORNEY'S FEES - 10